```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BECKLEY
```

**B & C ENTERPRISES, LLC,**

    **Plaintiff,**

**v.**                                           **Civil Action No. 5:06-0054**

**FEDERAL EMERGENCY MANAGEMENT AGENCY,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is a motion by defendant for the court to clarify how much time it has to respond in the above action.  (See Doc. No. 3 at 1.)  Specifically, defendant notes that there is an apparent conflict between Rules 12(a)(3)(A) and 81(c) of the Federal Rules of Civil Procedure because they direct parties situated as is defendant to respond within different periods.  For the reasons outlined below, the court finds that the interests of justice would be better served if defendant is allowed the sixty-day period provided under Rule 12(a)(3)(A) here.  As such, defendant is DIRECTED to respond in this action within sixty days of the January 12, 2006, service of complaint.

### A.   Factual Background

Plaintiff filed this action in the Magistrate Court of Wyoming County, West Virginia, on January 4, 2006.  (See Doc. No. 1.)  The Magistrate Court Clerk issued a civil summons on January 9, 2006.  The Federal Emergency Management Agency ("FEMA") was

served with the complaint on January 12, 2006. On January 19, 2006, FEMA forwarded a copy of the Complaint to the United States Attorneys Office for the Southern District of West Virginia, which removed the action to this court on January 24, 2006. (<u>See</u> Doc. Nos. 1 & 3.)

### B. Analysis

Defendant avers that the Federal Rules of Civil Procedure are unclear as to what time period a U.S. government defendant who has removed a case from state court has to file a response. (<u>See</u> Doc. No. 3.) Rule 12(a)(3)(A) of the Federal Rules of Civil Procedure gives U.S. government defendants sixty days to respond after service of the claim. <u>See id.</u> However, Rule 81(c) gives defendants in actions which have been removed prior to being answered only twenty days after receipt of service to respond. <u>See id.</u> There is no discussion of this conflict in either the Advisory Committee notes nor any case law of which the court is aware.

In the absence of any compelling authority either way, the court is compelled to look at the policy surrounding Rules 12(a)(3)(A) and 81(c). Rule 81(c) is included in Rule 81, the title of which is "Applicability in General." The Advisory Committee notes to the 1946 amendment creating subsection (c) indicate that its drafters' intended it to be applicable to situations where state courts' calendars permitted cases to

linger for almost a full year without any action. However, it is important to note that Rule 81(c) does not include the same extended response period as does Rule 12 of the Federal Rules for U.S. government defendants.

Plaintiff filed its complaint in this case in state court on January 4, 2006. Had plaintiff filed its complaint properly in federal court, defendant would have had sixty days from service to respond under Rule 12(a)(3)(A). Given that the circumstances for which Rule 81(c) are not here implicated, even though not expressly dictated by Rule 81(c), the court believes that the interests of justice and the policies undergirding the Federal Rules of Civil Procedure require defendant to be given the same period they would have if this action had been first filed in federal court. As such, defendant is directed to file their response within sixty days of the date of initial service.

### C.   Conclusion

The Clerk is directed to send a copy of this Order to all counsel of record and to all unrepresented parties.

IT IS SO ORDERED this 2nd day of February, 2006.

                                    Enter:

                                    David A. Faber
                                    Chief Judge